UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-00803-UA (OP) | Date | May 9, 2013 |
|---|---|---|---|
| Title | Scott Williams v. Linda Sanders, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| As assigned | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     **IN CHAMBERS: ORDER TO SHOW CAUSE**

# I.
# Proceedings

On April 30, 2013, Scott Williams ("Plaintiff") lodged for filing what purports to be a Civil Rights Complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Complaint"), along with an *in forma pauperis* application in order to proceed without payment of the full filing fee and a motion for a temporary restraining order/preliminary injunction. (ECF No. 1.) Because Plaintiff has requested leave to proceed *in forma pauperis*, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his *in forma pauperis* application should not be denied.

# II.
# Discussion

**A.**     **Summary of Plaintiff's Allegations.**

The named Defendants in the Complaint are as follows: (1) Linda Sanders, former Warden of the Federal Correctional Complex ("FCC") at Lompoc, California; (2) Oscar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00803-UA (OP)** | Date | **May 9, 2013** |
|---|---|---|---|
| Title | **Scott Williams v. Linda Sanders, et al.** | | |

Salcido, mid-level practitioner at FCC Lompoc; (3) H. Rada, mid-level practitioner at FCC Lompoc; (4) E. Casino, mid-level practitioner at FCC Lompoc; (5) Richard Gross, D.O. (Doctor of Osteopathy) at FCC Lompoc; (6) Leonardo Giron, M.D. and Clinical Director at FCC Lompoc; (7) Jaspal Dahliwahl, M.D. at FCC Lompoc; (8) Evelyn Castro, M.D. at Federal Correctional Institution ("FCI") at Terminal Island, California; (9) Jose Esquentini, physician's assistant at FCC Victorville; (10) Jesus Fernandez, M.D. at FCC Victorville; (11) Bridgette Wolverton, physician's assistant at FCC Victorville; (12) Ladrew Price, emergency medical technician at FCC Victorville; (13) Angel Ortiz, M.D. and Clinical Director at FCC Victorville; (14) Federal Bureau of Prisons; (15) FCI Terminal Island; and (16) United States of America. Plaintiff alleges two claims, an Eighth Amendment claim based on deliberate indifference to his serious medical needs and a negligence claim under the Federal Tort Claims Act ("FTCA"). Plaintiff does not indicate whether Defendants are sued in the individual or official capacities. Plaintiff seeks damages, declaratory relief, and injunctive relief. (Compl. at 1-6.)

In the Complaint, Plaintiff alleges that he sustained injuries to his neck and back after falling off his upper bunk in March 2012 while housed at FCC Lompoc. He had previously undergone surgery and treatment for brain cancer. He was prescribed 200mg of morphine sulfate twice daily as part of his treatment regimen. The crux of Plaintiff's allegations are that he was not given sufficient amounts of morphine sulfate to manage his pain by Defendants Salcido, Rada, Casino, Gross, Giron, Dahliwahl, and Sanders while housed at FCC Lompoc, by Defendants Price, Ortiz, Esquentini, and Wolverton while housed at FCC Victorville, and by Defendants Fernandez and Castro while housed at FCI Terminal Island. Plaintiff also appears to allege that Defendants Salcido and Castro improperly delayed performing an x-ray and/or MRI on Plaintiff's neck. Plaintiff was housed at FCC Lompoc sometime before March 2012 until May 2012. He was then transferred to FCC Victorville on May 29, 2012. He was finally transferred to FCI Terminal Island on or about June 2, 2012. (Id. at 3-6.)

## B.    The Complaint Is Subject to Dismissal Based on Sovereign Immunity.

Absent an express waiver, sovereign immunity shields the Federal Government and its agencies from suit. Loeffler v. Frank, 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed. 2d 549 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244, 60 S. Ct. 488, 84 L. Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-00803-UA (OP) | Date | **May 9, 2013** |
|---|---|---|---|
| Title | **Scott Williams v. Linda Sanders, et al.** | | |

entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Arnsberg v. United States, 757 F.2d 971, 977-78 (9th Cir. 1985) (no right to money damages against United States without sovereign immunity waiver). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. United States v. King, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969). Without such a waiver, the courts have no jurisdiction to entertain a suit against the United States. Sherwood, 312 U.S. at 586; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (where suit has not been consented to by United States, dismissal of action is required.).

Moreover, the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants when such suit is based on actions done in their official capacities. See Gilbert, 756 F.2d at 1458. However, a Complaint that seeks damages against government officials in their individual capacity would not be barred by sovereign immunity. Id. at 1459.

The United States, through the FTCA[1], has made a limited waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (Federal Tort Claims Act waived sovereign immunity for "certain torts committed by federal employees."). The FTCA waiver of sovereign immunity does not, however, extend to constitutional claims. Although individual employees of the Federal Government may be sued for alleged violations of a plaintiff's constitutional rights, see

---

[1] The relevant portion of the Federal Tort Claims Act ("FTCA") provides in pertinent part that:
> . . .the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-00803-UA (OP) | Date | May 9, 2013 |
|---|---|---|---|
| Title | Scott Williams v. Linda Sanders, et al. | | |

generally Bivens, 403 U.S. at 388, such claims may not be asserted against the Federal Government itself. See FDIC, 510 U.S. at 477-78; Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985); Laswell v. Brown, 683 F.2d 261, 267-68 (8th Cir. 1982); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d Cir. 1978).

Plaintiff has named as Defendants, among others, the Federal Bureau of Prisons and FCI Terminal Island, both agencies of the United States. However, he fails to allege an express waiver of sovereign immunity. Thus, to the extent Plaintiff alleges constitutional claims against the Federal Bureau of Prisons and FCI Terminal Island, the Court finds that the Complaint is subject to dismissal based on sovereign immunity.

**C.** **The Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Claim Based on Deliberate Indifference to Serious Medical Needs.**

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00803-UA (OP)** | Date | **May 9, 2013** |
|---|---|---|---|
| Title | **Scott Williams v. Linda Sanders, et al.** | | |

Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Prison officials violate their obligation by intentionally delaying access to medical care. Clement, 298 F.3d at 905 (quoting Gamble, 429 U.S. at 104-05).

As stated above, the crux of Plaintiff's allegations are that he was not given sufficient amounts of morphine sulfate to manage his pain by Defendants Salcido, Rada, Casino, Gross, Giron, Dahliwahl, and Sanders while housed at FCC Lompoc, by Defendants Price, Ortiz, Esquentini, and Wolverton while housed at FCC Victorville, and by Defendants Fernandez and Castro while housed at FCI Terminal Island. Plaintiff also appears to allege that Defendants Salcido and Castro improperly delayed performing an x-ray and/or MRI on Plaintiff's neck. (Compl. at 3-6.) The allegations establish that Plaintiff was receiving regular medical care at all three institutions and was receiving certain dosages of morphine sulfate as part of his treatment regimen, although not at the levels he desired. However, a difference of opinion over proper medical treatment, mere negligence or medical malpractice, or a mere delay in medical care (without more) are all insufficient to establish a deliberate indifference claim. See Gamble, 429 U.S. at 105-07; Sanchez, 891 F.2d at 242; Shapley, 766 F.2d at 407. Thus, the Court finds that the Complaint is subject to dismissal for failure to state an Eighth Amendment claim based on deliberate indifference to serious medical needs.

**D.      Motion for Preliminary Injunction and/or Temporary Restraining Order.**

      **1.      Legal Standard.**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00803-UA (OP)** | Date | **May 9, 2013** |
|---|---|---|---|
| Title | **Scott Williams v. Linda Sanders, et al.** | | |

the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009) ("Cal Pharm. I"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

As set forth above, the Complaint is subject to dismissal for failure to state an Eighth Amendment claim based on deliberate indifference to serious medical needs. Thus, Plaintiff is unlikely to succeed on the merits of the claim.

Next, it is clear that Plaintiff has received regular medical care at all three institutions and is receiving a pain treatment regimen. There is no indication otherwise. Thus, Plaintiff is not likely to suffer irreparable harm.

Finally, the Court acknowledges that Plaintiff's medical conditions result in pain and require a pain treatment regimen. However, he is receiving a pain treatment regimen, although not at the dosages he desires. It is for medical professionals, not for any individual patient, to determine the medications and dosages that are medically necessary. Thus, the balance of equities do not tip sharply in Plaintiff's favor, and the public interest would not be served by issuing injunctive relief at this time.

Accordingly, the denial of Plaintiff's motion for a temporary restraining order/ preliminary injunction is warranted at this time.
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00803-UA (OP)** | Date | **May 9, 2013** |
|---|---|---|---|
| Title | **Scott Williams v. Linda Sanders, et al.** | | |

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before June 14, 2013, why his *in forma pauperis* application should not be denied. If Plaintiff still wishes to pursue this action, he shall have until June 14, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his amended Complaint. The amended Complaint shall not refer to the original Complaint.

Failure to comply with these requirements may result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

cc: All Parties of Record

Initials of deputy clerk     jh-relief